UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT POOLER #234804,                          CIVIL ACTION

VS.

N. BURL CAIN, WARDEN, ET AL.                    JUDGE:

MOTION TO FILE AMENDED AND SUPPLEMENTAL PLEADING
FEDERAL RULES OF CIVIL PROCEDURE
RULE-15: REQUESTING LEAVE OF THE COURT TO GRANT PERMISSION

MAY IT PLEASE THE COURT:

NOW INTO COURT, comes Pro-Se Plaintiff, Robert Pooler, who respectfully files under Rule-15 of the Federal Rules of Civil Procedure: Requesting Leave of the Court to Grant Permission to File Amended and Supplemental Pleading for the following reasons below:

(1)    One reason why this Motion should be granted is because the Brief in Support of Plaintiff's Motion and Complaint herein, this Motion for Temporary Restraining Order and/or Preliminary Injunction, at the Louisiana State Penitentiary, Angola, Louisiana, seeking damages and injunctive relief based on prison supervisors, herein at the Louisiana State Penitentiary.

(1)-A

(1) This action arises under and is brought Pursuant To 42 U.S.C. Section 1983 To remedy The deprivation. under Color of state Law. of rights Guaranteed by The Eighth AND Fourteenth Amendments To The United States Constitution This Court has Jurisdiction over This action Pursuant To 28 U.S.C. Section 1331 and 1343 (A)(3).

(2) This Cause of action arose in The Middle District of Louisiana Therefore venue is Proper under 28 U.S.C. 1391 (b). AND within Plaintiff. Claims Seeks To invoke The Supplemental Jurisdiction over a Claim If The Claim raises a Novel or Complex. issue of State Law if The Claim Substantially Predominates over The Claim Which The district Court has Original Jurisdiction. If The district Court has dismissed all Claims over Which it had Original Jurisdiction, OR for Other compelling reasons. 28 U.S.C. § 1367. In The instant Case, in light of This Standard.

(3) ANOther reason Why This Motion should be Granted as following That The Plaintiff had The Reasons of his Medical needs DATe's - Numbers pages 011439 and DAtes 8/23/2012. Number 027824 and DAte 9/7/12 Numbers 025419 AND DAte 9/23/2012, and Number 227/12 DAte 10/22/2012 and Other Numbers and DAtes. Concerning Serious medical need was Requesting and It was denied. See: Exhibit's Plaintiff Made several . emergency medical Sick-Call For his Serious medical needs.

(4) and an opportunity To Prove That his Claim are Meritorious, see; Bell V. Wolfish, supra. 441 U.S. at 525. 99 S.ct. at 1866, quoting Wolfish V. Levi. 573 F.2d 118, 121 (2d cir. 1978). Federal Courts have a responsibility To Scrutinize Claims of Overcrowding. Safety, and Well-being, health and Conditions of Confinement, of Cruel and Unusual Punishment. below: Claim's including Inadequate health care on constitutional Grounds below;

(5) and Within These Reasons Why This Motion should be Granted as in all Plaintiff. alleged deliberate Indifference To his Serious medical needs That Was Violated of The due Process Clause of The Fourteenth Amendment, and The Eighth Amendment Rights

Robert Poole

(1)-B

(6) The Reasons Why This Motion should be Granted because on The Date: 8/8/2012 When This accident occurred At camD-D-RAven unit. and after This accident and before This acident occur, PlaintifF, Pooler, was asking Why The Double Bunked Beds, don't have Any Beds Ladder on Them.?

(7) This Reasons Why This Motion Should be GranTed because of The Defendants Passed failing or Refusing To TAke The necessary Steps To correct These Conditions." The Judge Adopted The Special-master's, and in It Conclusions of Law That Inmate Conditions as a Whole at AnGoLa, Violated The (547 F. 2d 1209) Cruel and unusual Punishment, Prohibition of The Eighth amendment. as Conditions To The Continued operation of AnGoLa, The District Judge deveLoped A 15-Page list of Requirements concerning Inmates ProTection, medical care, and other Requirements.

(8) and The Reasons Why This Motion should be Granted because of PlaintifF Pooler, serious Medical needs, Was denied When he Requesting Medical Treatment, several Time During This case of Serious Low Back injury and hand dizziness with burning eye's, Lung Congestion, Water eye's from Pepper spray he SufFere and in-Pain, hight blood Pressure, and his Left Leg knee injury, and his Right hand injury. and by failing or Refusing To TreaTed and in delaying To TreaTed Pooler, Serious Menical needs See Cite: EsTeLLE V. GAmble, 429, u.s, 97, 97, S, Ct, 285 (1976). It Holding "Deliberate Indifference To (Pooler) Serious Medical needs, of Pain.... To Prisoner's Constitutes The unnecessary and wanton Infliction of Pain".... Proscribed by The Eighth Amendment (in 975-Ct. 291) and The Above States: PlaintifF, Pooler, is IN Imminent danger Physical injury. as a matter of Law 28 U.S.C. § 1915 (9) This Provision was added by amendment In 1996 act of April 26, 1996 Pub. L. No. 104 134 § 101 (a) 110 State 1321-74-1321-75-See Cite: McAlphin V.-Toney, 709 281 F. 3d 709 (c.A.8 (Ark 2002). and See: Holding a Evidentiary hearing was Required. See Cite: Holding IN. TAYLor V. Watkins, 623 F. 3d 483 (c.A. 7 (III) 2010. Holding The Court of Appeals Hamilton Circuit Judge, held That Prior-evidentiary hearing was Required To Consider Contested Imminent danger ALLegations.

*Robert Pooler*

(2).

(9) This Reasons Why This Motions Should be GranTED because of DURING 2/25/2012 at ▬ Cuda 3-R-11 Booth Cell. Plaintiff, Was a Tier WALKer, assigned nursing Aid, at Camp.J. on Cuda unit. It is unconstitutional Law. States: IN HAYS william V. Edwin EDWARD, 547 F. 2d 1206, 1977 U.S. App. 1357 14730 and also See: IN Benjamin V. -MaLColm, 495 F. Supp. 1357, 1364 (S.D.N.Y. 1980) and It Concerning ANGoLA, LA. state of LouisiANA and DeParTment of Public Safety and Corrections herein AngoLa, LA., with Prison official's Use unconstitutional Law, as Their Use INMATES Tier WALKer as assigned nursing Aid which is a ▬Threated To InmAte Tier WALKer life being on The Tier's by It Pooler, Was EXPose To Human wAste in his face OR Human Body fluid. It Exppose in Human waste in his eve's and he Suffere with headdizziness, headaches, and This HumAn waste Body fluid caused disease On his body from This Body fluid. It developed Scalp and infections in his ears and being denied and been Referral To Treatment Center on 2/27/2012 and it Was The Last day. But Plaintiff Pooler. Is Still Complaing Concerning Tested on his bbod or on his body. To be TreaTed for It. and It is a Serious Medical TesT Treatment, Aid-Vivus Test. becaused Plaintiff, Pooler. had ▬Lost of 90(B) and Now he weight 208 (B) But Was weighting 298 (B) before This accident occurred. had States: IN Above Reasons Pooler is in Imminent danger Physical injury. ▬and This accident or as in This Case. The hospital E.m.t. Dr's at R.E. Barrow TreaTmeT Center. DURING 2/25/2612 and 2/27/2012. failure on TreaTing Pooler, by not Referral Pooler To other hospital for Test and To be TreaTed all inmates concerning Treament under LA. State- R.S. 22:18 91. see Report from 2/25/2012. Cuda unit 3-R-11 Booth cell at camp.J. on A-Team Roster and Their Log Books on Date 2/25/2012. and Pooler, Was move To The main Prison. It is on C.B.D. celblocks on D.B. court Records by mr Dixion and Hon R.E. Barrow Treatment Center. DURING These Date Above, and on ▬ A RP Num L.S.P. 2012-1045). Which is Mental health PaTient That Caused This acident. on 2/25/12.

(10). and DURIG Nov. 16, 2012 at R.E. Barrow TreaTment Center. When Pooler, Was denied X.RAYs on his disLocated shoulder, from Geting up and down in The Top Double Bunked Beds at camp-D RAven unit, without A Beds Ladder. It caused Pooler Right hand injury, and his Right shoulder injury To be disLocated, when Puting his Self up and down DURING The Double Bunked Beds at camp-D RAven unit. and as Plaintiff Pooler, is suffered from It, day and night in Pain from It.

(3).

Robert Pooler

Defendant, James M. Leblanc, was at all Relevant Times herein The Secretary of The Department of Pulic Safty and Corrections For The State of Louisiana with Responsibility For The Policies of The Department, Administration, Control, Operation of The Functions, Programs and Affairs of The Department, herein The Defendant, James M. Leblanc, was warn about The Conditions of Confinement at Comp-D on Raven unit and on Hawk Dunkeon on This Date 9/23/2012 James M. Leblanc, was warn above Date, But Failure To Correct Burl Cain, Warden, And Failure To Correct from A Notice Through A.R. Pas dictated by The Process, went To Warden N. Burl Cain, at (LSP), and Plaintiff complaints could have been correct or solved but The A.R.P. was denied, and over Two Mouth Plaintiff Pooler, Suffere serious pain, at Raven unit. In A Double Bunked Beds That Caused Plaintiff Pooler, suffered when he steps on The Toilet and on The Sinks To Get Into The Top Bunked Bed and (The Same way Back down continued) up and down Caused serious pain and suffered To Pooler, Low Back injury, his Right hand injury, and his Left Leg injury, and he is 52 of age going To A Top Bunked Beds. Without A Bed Ladder on It. with Two offender's suffered within a unsanitary cell with a unsanitary Toilet and unsanitary Sink's use To Get in and out of Beds Duing day and nights and had To Go To Work in The filed Ling #28. ███ During This accident, and These Names Above, and herein Names Joe Lamartiniere, Troy Poret, Is A Dictator over Comp-D. Major Cruz and other John Doe's and Names ███ Involve above is actually engage in The Double Bunked Beds and These Names Williams Rossp, and P. Smith, is actually engage in This acident at Raven unit, and on Hawk Dunkeon when Their violated by use unconstitutional Law within Angola, La, State Penitentiary, and These Defendants in Their each individual Capacity.

and on Raven unit. Plaintiff Pooler, warn Them about These Double Bunked Beds, without a Beds Ladder. Their Threateded Pooler, with Violence when Col. Voohries, call Warden, Tort Port, To Get Pooler, To drop, his A.R.P. against him. Their Threatended and harass Pooler, with Violence, and major Cruz, advised Lt. William Rosso, To hook Pooler, up, and, he passed It, To Sgt. P. Smith, To hook Pooler up and Pooler, Threateded and see cite: Lareau v. Manson 507 F supp 1177 (D. conn 1980)

———, and Sgt. P. Smith pull out his Penis at Robert Pooler, as a sex Remark. Saying fuck you and them Beds Ladder's and Sgt. P. Smith hook Pooler, up bad with all Kinds of Chanrges with Rules 5,3, and Lag after this accident and Col. Voohries Call Warden, Tory Port, asking did Pooler, drop some of these A.R.P. he said (Yes) some and after he said No. Pooler, had not drop all the A.R.P against you, and after that Col. Bobby Achord, had Pooler in his investigative office, was use to Threatended and being harss by Bobby Achord, by a Letter he use against Pooler, had not Pooler, Name on it and it was not Pooler, handwriting on it. Concerning a accident on 7/24/2012 and Therefore, it on the about 9/13/12, Pooler, had it on the Appeal Number L.S.P. 2012-0365 as a Their - Continuce To Retaliation against Pooler, At Hawk Dunkean Booth cell.# and when on 9/18/2012, by These Two Capt. HEBERT and Capt.___ Aymono___ and is Requesting Their Full names in This Case's and Their Prison official's Above had Violated Pooler, Constitutional Rights by indiscriminately discharged Pepper spray into Prison- Administrative Segregation Tier, and The Prison official's Above, Caused Serious "deliberate indifference" To Pooler, Serious Medical needs. That was Violated of Pooler, Constitutional Rights to his Serious Medical needs by use Pepper spray. Caused serious head dizziness, and with burning eye's and Lung Congestion and water eye's days and nights and Suffere with Mental Anguish and Suffered with hight blood Pressure, as it Caused headaches and with diseaed on his body and being denied of Treatment on Date: 10/22/2012, by E.m.t. Michael at Camp-J. on Gator 3-L-5 cell and foremost at Camp-D Hawk Dunkean, Pooler, was Treat on Dates 9/7/12, 9/23/2012 8/30/2012 by E.m.t. in the Booth cell# of head dizziness, and for vomit from day by day, when after eating, But Pooler, Still have some dizziness and serious Pain from it, and when at Camp J, During 1:00pm and Date: 10/22/2012 Col. Voohries made around on Gator 3 L 5 Tier, as he Threatended Pooler by drop his A.R.P on him. During July 24, 2012 and the A.R.P. Number: 2012-2490 and had othe A.R.P. on him, But was drop because of Threat by him and Warden, Tory Port, he drop some of These A.R.P against him, of his Retalition against Pooler within This Case. Jackson V Cain, see cite: Estelle V. Gamble, 429 U.S. 97, 97 S. Ct. 285 ——— 50 LEd 2d 251 (1976) and also see cite: Despain V. Uphoff, 965 264 F. 3d 965 (CA.10) 2001, and Plaintiff, state: a Claim of EXCESSIVE USE of Force, for To Cause HARM, and see: Danley V. Allyn, 540 F. 3d 1298 (11 cir. 2008) see cite: Brown V. Johnson, 387 F 3d 1344 (CA-11 (Ga) 2004) and as the Secretary, ——— EXECUTES it's Policies. He is SUED IN HIS INDIVIDUAL CAPACITY. and his official capacity. (2)

Defendant: Burl Cain, was at all relevant Times herein The Warden of The Louisiana state Penitentiary (L.S.P.) For The state of Louisiana with responsibility for The operating. Management and maintaining of (L.S.P.). He is also ultimately responsible For Training and Supervision of The Correction Personnel employed at (L.S.P.) as Warden Manages its day To day Operations and executes its Policies. by failing Burl Cain, Warden, and Prison official's Deliberate indifference To Serious Medical needs. In This case involving an alleged Violation of The Cruel and unusual Punishment Clause of The Eighth Amendment, If The Prisoner Presents evidence Showing That a substantial risk of inmate as a Tier Walker, Based on unconstitutional Law. Concerning The Medical Care delivery System at Angola. The Special Master Concluded on Page (11)

and as Burl Cain, Warden Claim Tier Worker, as a assigned nursing Aid. He had Change It from inmate Guards on Page (6) State: With The exception of The Use of Inmate Guards. It is Unconstitutional Law. Violation of The Constitutional Law. Caused Pooler To be expose To offender That had Piith Human Waste in his face and his eye's. on 2/25/2012 at Guda 3-R-11 Booth Cell-Tier, at Camp. J. on A-Team Roster and The Log Book on Date 2/25/2012. at The main Prison. When Pooler Was Move To. It, on The D.B. Court Records and It on R.E. Barrow Treatment Center. During 2/25/2012. and It on The Referral on 2/27/2012. as state: Body filth of Mix-up With urine and Waste Was expose in Pooler face and his eye's on on That day 2/25/2012. and Pooler, Still Suffere with his eye's, head-dizziness, headaches, Infestation in his ear's Caused head-dizziness and Suffere from being denied of Serious Medical needs, To Get Test done Concerning his health of An Aid-Virus from a mental health Patient That Caused This accident. Number: L.S.P.-2012-1045 with was denied by James m. Lebance. and Through Their Retaliated, against Pooler, To drop his A.R.P. on Camp. J. Prison official's That is involve. as Their Use Capt. Haye on the West Yard To Threat Pooler, To drop These A.R.P. on Above. STATES herein This Complaint. and in other Words It is a ongoing Complaint. Concerning Medical Treatment within This Case above and below, and See Cite: Despain V. Uphoff, 965 264 F. 3d 965 (2001). and it is unconstitutional Law at Camp. J. and Camp-D and Throughout Angola. LA. State Penitentiary. See Cite: Williams V. Edwards. 547 F. 2d 1206: 1977 U.S. App Lexis 14730.

(3) A.

and The Serious Medical needs That Was denied Above, and below; is a Consolidation Case Concerning The serious Medical needs and The denied or delay and within Bobby Jindal, Budget Cuting Medical Care caused a defect of The Medical Treatment of People of The State of Louisiana. and in states Prisoner's of Louisiana, in Angola. State Penitentiary, and by Denied Pooler, Serious Medical needs. as HE is Involve in by not Correct These Prison official's Dr's. E.M.t's at Comp-D Raven unit with or around 2.24 inmates in The Conditions of Confinement at Raven Unit. as it Violated Pooler. Constitutional Right, by not Provide A Laddyer on Double Bunked Beds as it Caused Pooler. Sufferes and Pain To his Serious Low Back injury, by Steps on The Toilet and on The Sinks To Get into The Top Bunked Beds and The same way Back down Continuced up and down Caused Pooler. Serious Pain and Sufferes with his Low Back injury, and his Right hand injury and his Left Leg Knee injury and having Continuce To work in The filed Ling #28 and James M. Lebane. had failure To Correct Warden. Burl Cain, Concerning The Double Bunked Beds Without A Beds Ladder, as it is overcrowing at Camp-D Main Prison and Comp. J. within Angola. LA. State Penitentiary. and as it is at Comp-D Hawk Dunked it is overcrowing in The Booth Cell $ and other Booth cell-Tier as Pooler and Mick was in This Booth cell was Sentence To Extended Lock down or To Camp-J. after being Sentence To The Place herein Camp.J. Pooler. State: a Claim Serious Medical needs, was Violated under see cite: ESTELLE V. GAMBLE. 429. U.S. 97. 97. S.Ct. 285 (1976) The Holding That: Defendants "Deliberate Indifference To Serious Medical needs. of Prisoner's Constitutes The "Unuecessary and wanton Infliction of Pain." ... Proscribed by The Eighth Amendment In 97 S.Ct. 291) as it Above. Pooler. State: declaring unConstitutional The Double-Celling of Convicted Prisoner's) see cite: Bell V. Wolfish. Supra. 441 U.S. at 542 U.S. at 543 n.27. 99 S.Ct. at 1876 n.27. (Chapman V. Rhodes. and also see: Lareau V. Manson. 507 F. Supp. 1177. (D. conn. 1980). and Therefore, Burl Cain, Executes its Policies. HE is Sued in His Personal) Individual and official capacity.

(3) B₁

Defendants: Joe Lamartiniere, at all Relevant Time herein was The Warden, To is The oversee over out of Camps D,C,J. at LA State Prison (LSP) He is also ultimately Responsible for The operating, Management and Maintaining of (L.S.P.) He is also ultimately Responsible for Training and Supervison of The Correction Personnal employed at (L.S.P.) as Warden oversee Manage. It's day by day operations and executes It's Policies. he is involve IN This Case, by not Correcting The Coditions of Confinements at Camp-D on Raven and Hawk Dunkeon and after being on Raven Units Warden. Troy Poret, Major, Cruz, col. John Due, was involve IN This Case. They was The Ranking Superviser. That Made round on Raven Unit when Troy Poret, Said and advised Them To hook up Pooler, and These Ranking Superviser. That was with Warden, Major Cruz, Saying To The Lt. William Rossa, To hook Pooler up and It was, Passed down To Sgt. P, Smith, To hook Pooler up Their had Passed It down and as Pooler, was Threat for his life, It State: a Claim Prison official's acted with deliberate indifference. When They saying hook Pooler up or It could mean, hang Pooler, by The Neck in his cell and it may, look like Pooler suicide or he had hang his self in his cell (many cases had having like This Back here) in Angola, LA. inmates having and This why Pooler, was fear for his life and was Threat of Port Torey. When he was Saying To The Ranking Superisor To hook Pooler up. and The court defined This "deliberate indifference" Standard as equal To "Recklessness." in which "A Person-disregards A Risk of harm. by It Caused Pooler To Sufferes of fear and was Threateded by asking about Double Bunked without a Bed, Ladder on It. That Pooler, Sufferes by Going up and down IN his Beds. It Caused Sufferes To Pooler, Low Back Injury and his Right hand injury and his Left Leg Knee injury That Coused Pooler, To Sufferes and in Pain During The Beds when They was Warn Several Times About Beds Ladder, at Raven Unit's without Ladder at all at Raven Units as They Violated Constitutional Law and without any Safety or Protect inmates from harm. unsafe Beds and They is Unconstitutional Law. See Cite: Benjamin v. Malcolm 495, F. Supp. 1357, 1364 (S.D.N.Y. 1980). Plaintiff have called The Courts attention To The Above Standards at Camp-D Raven Unit, as It unconstitutional Law. in This Case. and See: Jackson v. Cain 1235 864 F. 2d 1235, That above Violated Pooler, his First Amendment Right. Claim Retaliation for Prisoner's exercise of his Above.

(4)-A

and by These below Within This one Complaint Consolidate Together, It is Many Issue's as It is a ongoing Case with several's A.R.P. Concerning it. Pooler have a Retaliation Claim under the First Amendment Right for Prisoner's exercise their Rights During These Threateded and disregard Pooler Serious Medical needs by denied him, Medical Treatment at Hawk Dunkean, When These Capt. HEBERT and Capt. AYMOND That Violated Clearly established Law. by They, indiscrimination discharge Pepper Spray Into Prison Administrative Segregation at Hawk-Dunkean Tier. a one man Bunked in a Booth cell. as It had Two offender's in a one man Booth cell, and Plaintiff, Pooler, had States: a Claim of EXCESSIVE USE OF FORCE, For To Cause HARM, To Plaintiff, Pooler, health and Safe and his Well-being and See: Cite: Despain v. uphoff, 264 F.3d 965. (C.A.10.(wyo)2001) and Above Claim.

4 (B)

and on These Date's 8/8/2012 To 9/18/2012 and aother Date's didn't Keep up with It In The Same Month at The Time as These CAPti's Above. Was aware of and had Know Were Their doing acted deliberately as a Practical Joke. To offenders Pooler and The Offender Mick George and was spraye with mace or Pepper spraye During The Date's 8/18/2012 To 9/18/2012 and Their Conduct itself Constitutes sufficient evidence That force was used on 9/18/2012 'maliciously and Sadistically for The Very purpose of Causing harm.' Giron v. Corrections Corp. of Am. 191 F. 3d 1281, 1290 (10 m cir. 1999)(quoting Whitley. 475 U.S. at 320-21, 106 S Ct. 1078), We will not require inmates To be Subjected To The Malicious Whims of Prison Guards. see. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 117 L Ed 2d 156 (1992) "When Prison official malicioual and Sadistically use force To Cause hairm. Contemporary Standards of decency always are Violated. This is True Whether or not Signifi'cant injury is evident." and Due To Physical harm being Exposure To The Pepper spray. or Mace Spray into The air of The Tier Booth cell's Within Pooler and Mick, had Suffered burning eyes and water eyes and Lung cong-estion and headdizziness, and ongoing headaches, and have diseased on his body and of The Pepper Spraye or mace spraye Caused Contaminated Water or GAs. and Pooler is Still Suffered from The PepperSpraye or Mace Spraye from Prison official Spraye During The Time 9/18/2012, The Prison Guards Conduct Violated a - Constitutional Right. They Above. Was aware of and had Know were Their Was doing acted deliberately as a Practical Joke. To offender Pooler harm. and See! The Court of Appeals found Danley's allegations were Sufficient To overcome The Defendants Clams of qualified immunity and To impose supervisory Liability of The Jail Administration, Danley v. Allyn, 540 F. 3d 1298 (11th cir 2008). and above Pooler Still Suffered and in Serious Painful Duing The days and nights, ses Cite! Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50. L Ed 2d 251 (1976) Estelle v. Gamble 429 U.S. At 104-106 Where The Court held That deliberate indifference To The Serious medical needs of Inmates Constitutes au unnecessary and Wanton infiction of Pain Proscribed by Eigth Amendment Rights. WARDEN Joe Lamartiniere, who is Employed by The Department at L.S.P. is being Sued in his individual Capacity.

(4) (C)

Defendant: TOREY PROT. Was at all Relevant time herein the Assist. Warden. of The Louisiana state Penitentiary (L.S.P.) For The state of Louisiana with Responsibility for The operating mangment and Maintainiere of (L.S.P.) he failure to Report to Warden, Joe Lamartiniere, he failing not to Correct Warden. Porey PKroti were the Conditions Violated Clearly established Law. at Camp-D. at Raven unit. It Caused Pooler. To Suffere from been denied of Serious Medical needs and When Prison official acted with deliberate indifference. To Pooler health and Safety. and his well being of the Beds without a Beds Ladder on H. incarcerat under The Conditions Posing a Substantial risk of Serious harm. by having to up and down within The Double Bunked Beds Without a Beds Ladder as Pooler suffered by Steps on The Toilet and on The Sinks to Get into The Top Bunked Beds (The same way continuce) up and down Caused Pooler to Suffere, and it is Serious Pain Caused his Low Back injury. and his Right hand injury To Suffered and in Pain and his Left Leg Knee injury. and Pooler Continuce To have to work in The filed Lina's 28 and Warden, Torey Proy, failure To Correct The Bed Ladder and failure To and failure by allow inmates Cell To be unsafety and unsanitary by Steps on Toilet and on Sinks to Get into Beds and Nnw it To Pooler. Claim. he based his Claims on Two Separate incidents. (1) Pooler, States: a Claim of excessive use of force, Second (2) Pooler states: a Claim Serious Medical needs, That it was denied by Prison official, deliberate indifference to Pooler, Serious Medical need Above claim. and Prison official Show acted on deliberate indifference when Their had Caused a Serious Violated Clearly established Law. when These Capt's. HEBERT and his Capt's Aymono and Williams - Rosso. is not on The same shift with These Capt's. when Their indiscriminately discharge pepper spray into Prison Administrative Segregation Booth cell #7 Tier. were Pooler and offender Mick was at Camp-D Hawk Dunkeon with Two offender's in a one man Booth cell. It is a Violated as in Camp J and main Prison, and at Comp.C, and it is a Violation at Camp-D. Dunkeon. with Two offender's in a Booth cell, and it is a Violation in Constitutional Law's on This Date 9/18/2012. These offender's was not Taking to be Treat at R.E. Barrow. JR. Treatment Center. But had been denied on above Dates of Serious Medical needs, as Pooler, had been Threateded with Violence when he ask for Medical Treatment for a Test on his body and Through A.R.P. he was denied. See: Case Number(LSP)-2012-1045) as within Warden, Tory Port, he is Sued in his individual Capacity.

(5)

Defendants: Capt. HEBERT and Capt. AYMONO and Plaintiff, Requesting Their full NAMES Above. and Lt. William Rosso, and asking for Their full names DURING This accident at Camp-D HAWK Dunkeon, Was at all relevant Times herein The Capts, Lt, of of The Louisiana State Penitentiary (L.S.P.) for The State of Louisiana With Responsibility for The operating, Managment and maintaining of (L.S.P.) he is also ultimately Responsible for Training and Supervision of The Correctional Personnal employed at (L.S.P.) as Capt's and Lt. Manages its day by day operations and executes It's Policies. by These Capt's Above. NAMES. had Violated Pooler. Constitutional Rights. by, INdiscriminately discharged Pepper SPray iNTo Prison AdmiNiStrative Segregation Booth Tier. after Col. Bobby Achord, had alReady Warning Pooler, With his ThreaTeded Concerning A Letter WithouT Pooler NAme on It. by use It To ReLaLiating against Pooler about a Letter Without his NAme on It. nor is his handwriting on It, as Col. Voohries ▬▬▬▬ had Call TORY PORT. Warden, at Camp-D To Get Pooler, To drop his A.R.P. against him. by ThreaTeded Pooler, It end up Pooler, WITH all Kinds of Charges from That Phone Call. To warden TORY PoreT at Camp-D as TORY, advised These Ranking Supervisor. Saying To MaJor CRUZ, To hook Pooler up). and It Was Passed To Lt. William Rosso, To hook Pooler, up and It Was Passed To Sgt. P. SmiTh. To hook up Pooler, and Pooler Was ThreaTeded. oR It Mean hang Pooler, by The neck. in his cell and It May look like Pooler, Suicide in his cell, and from above after This accidenT, and Their ThreaTeded Was at Camp-D HAWK Dunkeon. When Their indiscriminately discharged, Pepper SPray iNTo Prison AdmiNiStraTive Segregation Tier. were Pooler and MICK. offender in This Booth Cell "7" When Their SPray This Pepper SPray iN The Prison AdmiNistrative Segregation around These Booth Cell "7" about Several oR Ten Seconds on This DATe 9/18/2012, and oTher Time DURING The MoNTh, aT HAWK Dunkeon. and Plaintiff, Pooler State: Two Claims (1) A Claim of EXCESSIVE USE of force, for To Do harm, see cte: Despain V. Uphoff, 965 264 F. 3d 965. (A. 10(Wyo.)2001) (State Above claim) (2) A Claim Mis TreaTmenT : RetaLiated claim against Pooler To drop his Grievance (A.R.P.) and These Col. Bobby Achord. Capt's Above Lt, Sgt, iN Their each su--ed of Their individual CAPACITY.

(6)

<u>IMMUNITY</u>

Civil Action No. _____

IN LouiSiANA STATE PENITENTIARY AdminiSTRATIVE REMEDY PROCEDUAE, of TWO STEP A.R.P. PROCESS At ANGOLA, LA.

1). AND These A.R.P. FirST step Process Go To WArden, BurL Cain, AdminisTRATIVE (L.S.P.) AND Could have been Correct or SoLVe. But Was denied. DefendanT BurL Cain, Warden, HE is Sued in his individuaL Capacity.

2). AND The Second step A.R.P. Process Go To SecreTary, James M. LeBlanc, STATE of LouisiANA and of DeParTMenT of Public SAFeTY and Corrections (L.S.P.) and These conditions Could have been Correct or SolVe, but fAiLed To Correct These Conditions herein ANGoLa, LA and Was denied and Refused by not allow access To a Beds Ladder on his Beds. Double Bunked WiThout A Beds Ladder, denied adequate MedicaL TreaTMenT and adequate SAFe Beds and his hygiene and unSaniTary Within BaThroom in Double Bunked Beds CeLL becaused of SteDs up and down on ToiLeT and Sinks To Get up in The Top Bunked Beds, and was ThreaTended, harss and Was **expose** To Pepper SDray within HAWK Dunkean, But These defendanTs Causina serious Suffering To Pooler, Low Back injure and his Right hand injury, head dizziness, oTher MedicAL conditions WiThin This Case ThaT Coused Pooler Suffering To The Plaintiff RoberT Pooler #234804 and It Say in <u>HAfer V. MeLo</u>, 502 U.S. 21 (1991) 112 S. Ct. 358/held: State officers MAy be held PersonalLy Liable for damages under §1983 based upon actions Taken in Their officiaL Capacities pp 3-10. and see'cite': Edom WilliamE V. White, U.S. 897 F.2d 942: 1990 U.S. APP. **Lexis**. It held ThaT There were sufficienT allegations In The Prisoner's ComplainT To allow The inference ThaT The Prison's Policies, as Carried out by The SuperinTendenT, VioLated The Prisoner's CiViL rights. It noTed ThaT The SuperinTendenT Could be held Liable for OPerating a Prison wiTh unSanitary and inhumane conditions or fAiling To ProPerLy Train, SupervisE or ControL The Prison Staff.

(7)-A

3). and one again These A.R.P. Process involve These defendants That actually engage in Secretary, James m. Leblance, Warden, Burl Cain, and Bobby Jindal, Governor; Joe Lamartiniere, Troy Poret, Capt. Hebert, Capt. Aymond, col. Voohries, Bobby Achord, Rusty Bordelon, Williamas Rosso, Mrs. Smith, and These defendants in Their Individual's Capacities Within This Case. and all held Personally Liable foe damages in This Case. see cite: Above and below; see cite: under The Test of Bell v. Wolfish. ThaT The defendants have Violated The due Process Rights, Guaranteed by The Fourteenth Amendment To The United States Constitution. also see: Brown v. Johnson, 1344·387 F.3d- -1344 ( c.A. 11. (Ga) 2004). and in order To establish Prison official's deliberate indifference in a Case involving an alleged Violation of The Cruel and unusual Punishment Clause of The Eighth Amendment, If The Prisoner Presents evidence showing ThaT a substantial risk of inmate attacks was Longstanding. Pervasive, Well-documented, or expressly noted by The officials In The PasT. and if The Circumstances suggest ThaT The official had been exposed To information concerning The risk and Thus must have known about The risk. Then Such evidence may be sufficient To Permit a Trier of fact To find ThaT The official had actual Knowledge of The risk) Robert Pooler 234804 and Pooler. Serious medical needs was denied

see: Farmer v. Brennan. 511 us. 825, 114 S. Ct. 1970. 128 L.Ed 2d 1970 (1994).

Camp J. Gator 3-L-5
Louisiana. State Penitentiary
Angola, La, 70712

7-B